Ruffin, C. J.
 

 The security decreed seems to have been under the circumstances, but a reasonable protection to the defendant. There must always be more or less uncertainty of the fact, when there is nothing else but the presumption of death from the absence of the supposed party deceased. That uncertainty is rendered greater here than it would usually be. The plaintiff could not in the bill allege the death postively, but
 
 left it
 
 upon the force of the administration, which was granted on the presumption. Besides, he set down the cause upon the answer, and that states the belief of the defendant, that Hurdle was as probably living as dead, and the belief appears to be the more reasonable from the previous course of life of that person. He had been actually absent for many years before 1840, during which he sometimes, but seldom, wrote home; and he seems to have had no family, fixed abode, or regular calling. He may, then, be yet alive ; or, which is as probable, if dead, he may have made a will abroad, which, as he was a stranger, has not hitherto come to light. Just at the close of seven years, these are more than mere possibilities. If this person be either living or has made a will, the administration granted to the plaintiff is absolutely void, and the defendant would be chargeable again for the effects to Hurdle or his executor. For the jurisdiction to grant administration arises only, where the person is dead and has left no will.
 
 Graysbrook
 
 v.
 
 Fox,
 
 Pl. 276.
 
 Allen
 
 v. Dundas, 3
 
 *264
 
 T. R. 125. It is true, if the plaintiff had thought proper to sue at law, that he could have recovered, unless the defendant could have shown that the supposed intestate was in fact alive, or had made a will. The reason is that the judgments of courts oflaw are absolute, and they cannot give conditional judgments nor provide indemnities. But the jurisdiction of the Courts of equity is not so straitened, and allows all proper protection to be provided against any loss that may arise to a suitor from any act, which the Court requires him to perform. It is a power often usefully exercised. Money, for instance, is frequently directed to be paid to a party upon his apparent right to it in a particular stage of a cause, before the right is conclusively determined — as, upon the dissolution of an injunction of a judgment at law, upon his engagement to make it good, if it should be so decreed in the progress of the eause. So, in the case of lost bonds or notes, the creditor may recover absolutely at law, if he can make out his case there. But if he sue in the Court of equity, he is always required there to give an indemnity, unless the destruction of the instrument be admitted. In the present case, if Hurdle be really dead intestate, the plaintiffcan sustain no inconvenience from the bond. But as that is uncertain, the risk ought to be borne by the plaintiff, who will have the fund, and he ought not to throw it on the defendant, after taking the effects from him.
 

 The Court deems it a duty to notice a departure in the bill from the common prayer for process by calling it “the People’s writ of subpoena. This, though a very trivial matter in itself, requires correction, as we know not what other liberties persons might take with the settled and proper forms of pleadings, if this were passed over silently. The constitation requires that all writs, like commissions and grants, should run in the name of “the
 
 *265
 

 State
 
 and that is authority sufficient, one would suppose, in favor of the precedents.
 

 Per Curiam.
 

 Decree affirmed with costs.